UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BancInsure, Inc.,<br>an Oklahoma corporation | Case Number 0:11cv02497 SRN/JSM |
| Plaintiff, | |
| v. | **BANCINSURE, INC.'S ANSWER TO HIGHLAND BANK'S COUNTERCLAIM** |
| Highland Bank,<br>a Minnesota banking corporation, | |
| Defendant. | |

TO: Defendant Highland Bank and its Attorneys, Patrick H. O'Neill, Jr., Stephen M. Warner, and Eric M. Laine; O'Neill & Murphy, LLP, 332 Minnesota Street, Suite W2600, Saint Paul, MN 55101-1355.

Defendant, BancInsure, Inc. ("BancInsure"), for its Answer to the Counterclaim of Highland Bank ("Bank"), states and alleges as follows:

1. BancInsure admits the allegations contained in Paragraph 1 of the Counterclaim.

2. BancInsure admits the allegations contained in Paragraph 2 of the Counterclaim.

3. BancInsure admits the allegations contained in Paragraph 3 of the Counterclaim.

4. With respect to Paragraph 4 of the Counterclaim, BancInsure admits that it issued Financial Institution Bond No. FIB 0010691 to the Bank (the "Bond"). BancInsure further states that the terms of the Bond speak for themselves, and BancInsure denies any allegations inconsistent therewith.

5. With respect to Paragraph 5 of the Counterclaim, BancInsure denies that the Bank "has paid in excess of $300,000.00 in premiums to BancInsure starting in 2006" for the Bond or other Financial Institution Bonds. BancInsure affirmatively alleges that the Bank paid a premium of $14,508.00 for the Bond.

6. With respect to Paragraph 6 of the Counterclaim, BancInsure states that the terms of the Bond speak for themselves, and BancInsure denies any allegations inconsistent therewith. BancInsure denies the remaining allegations contained in Paragraph 6 of the Counterclaim. BancInsure affirmatively alleges that the Bank is a sophisticated financial institution, which understands or is capable of understanding the terms and conditions of the Bond. The Bond is a standard form policy, the terms of which have been negotiated between the Surety Association of America and the American Bankers' Association.

7. With respect to Paragraph 7 of the Counterclaim, BancInsure admits that Equipment Acquisition Resources, Inc. ("EAR") hired First Premier Capital, LLC ("First Premier") to assist it in obtaining equipment financing. The terms of any agreements executed between First Premier and EAR speak for themselves. With respect to the remaining allegations contained in Paragraph 7 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

8. With respect to Paragraph 8 of the Counterclaim, BancInsure states that the terms of any lease agreements or schedules speak for themselves. BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Counterclaim.

9. With respect to Paragraph 9 of the Counterclaim, BancInsure states that the terms of any lease agreement speak for themselves, and that the Bank has submitted to BancInsure copies of guarantees purportedly signed by Player and Malone, the terms of which speak for themselves. BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Counterclaim.

10. BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in Paragraph 10 of the Counterclaim, except that

BancInsure affirmatively alleges that the Bank's credit approval document shows the Bank had determined that Player and Malone had a tangible net worth of a negative $4,580,000.00.

11.     BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegation contained in Paragraph 11 of the Counterclaim.

12.     With respect to Paragraph 12 of the Counterclaim, BancInsure admits that in 2006, First Premier, on behalf of EAR, approached the Bank to consider funding equipment acquisitions by EAR. BancInsure further alleges that the Bank performed its own document review, credit review, and due diligence before deciding to approve the First Premier/EAR equipment lease financing. In making its decision to extend this financing, the Bank did not rely on any document review, credit review or due diligence performed by others, including First Premier. In conducting its due diligence for this financing, the Bank never contacted any EAR personnel, never performed an inspection of the equipment to be financed, and never performed a UCC search on the equipment to be financed. Throughout the entire time the Bank conducted its document review, credit review, and due diligence, the Bank did not possess, review, inquire about or rely on any originals of the Player and Malone guarantees. As to the remaining allegations contained in Paragraph 12 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

13.     BancInsure alleges that the Bank performed its own document review, credit review, and due diligence before deciding to approve the First Premier/EAR equipment lease financing. In making its decision to extend this financing, the Bank did not rely on any document review, credit review or due diligence performed by others, including First Premier. In conducting its due diligence for this financing, the Bank never contacted any EAR personnel, never performed an inspection of the equipment to be financed, and never performed a UCC search on the equipment to be financed. Throughout the entire time the Bank conducted its

document review, credit review, and due diligence, the Bank did not possess, review, inquire about or rely on any originals of the Player and Malone guarantees. As to the remaining allegations contained in Paragraph 13 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

14. With respect to Paragraph 14 of the Counterclaim, BancInsure admits that the Bank's Credit Committee approved the First Premier/ EAR equipment lease financing proposal. BancInsure further alleges that the Bank's Credit Committee's approval was not conditioned on the Bank possessing, reviewing, inquiring about or relying on the originals of the Player and Malone guarantees. As to the remaining allegations contained in Paragraph 14 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

15. With respect to Paragraph 15 of the Counterclaim, BancInsure admits that the Bank and First Premier entered into an Assignment Agreement. BancInsure states that the terms of the Assignment Agreement speak for themselves, and BancInsure denies any allegations inconsistent therewith.

16. With respect to Paragraph 16 of the Counterclaim, BancInsure states that the terms of the Assignment Agreement speak for themselves, and BancInsure denies any allegations inconsistent therewith. BancInsure further states that the Assignment Agreement does not state that it assigns to the Bank any rights in the Player and Malone guarantees; identify or create any rights, obligations or duties between the Bank and First Premier with respect to the originals of the Player and Malone guarantees; or designate or appoint First Premier as an authorized representative or agent of the Bank for purposes of possession or review of the original Malone and Player guarantees.

17.     With respect to Paragraph 17 of the Counterclaim, BancInsure admits that on October 19, 2006, the Bank funded Note No. 724639501 to First Premier in the amount of $2,958,830.  BancInsure denies the allegations contained in Paragraph 17 of the Counterclaim that First Premier was an authorized representative of the Bank.  BancInsure further alleges that, with respect to this loan, the Bank never possessed, reviewed, inquired about, or relied upon the original Player or Malone guarantees.  As to the remaining allegations contained in Paragraph 17 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations

18.     BancInsure denies the allegations contained in Paragraph 18 of the Counterclaim, and affirmatively alleges that First Premier was not the Bank's authorized representative for purposes of actual physical possession of the original, allegedly forged guaranty.

19.     With respect to Paragraph 19 of the Counterclaim, BancInsure admits that in January, 2007, First Premier presented another EAR equipment lease financing proposal to the Bank, a proposal that went through an approval process substantially the same as that utilized by the Bank in the initial First Premier/EAR equipment lease financing transaction.  With respect to the remaining allegations contained in Paragraph 19 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

20.     With respect to Paragraph 20 of the Counterclaim, BancInsure admits only that on April 17, 2007, the Bank funded Note 724639502 to First Premier in the amount of $507,523.40. All documents identified in Paragraph 20 speak for themselves.  BancInsure further alleges that, with respect to this loan, the Bank never possessed, reviewed, inquired about, or relied on the original Player or Malone guarantees.  As to the remaining allegations contained in Paragraph 20

of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

21.     With respect to Paragraph 21 of the Counterclaim, BancInsure admits only that in April of 2007, First Premier presented a third EAR equipment lease financing proposal to the Bank, a proposal that went through an approval process substantially the same as that utilized by the Bank in the initial First Premier/EAR equipment lease financing transaction. All documents identified in Paragraph 21 speak for themselves. As to the remaining allegations contained in paragraph 21 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

22.     With respect to Paragraph 22 of the Counterclaim, BancInsure admits only that on May 7, 2007, the Bank funded Note No. 724639503 to First Premier in the amount of $527,660.59. BancInsure further alleges that with respect to this loan, the Bank never possessed, reviewed, inquired about, or relied on the original Player or Malone guarantees. As to the remaining allegations contained in Paragraph 22 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

23.     With respect to Paragraph 23 of the Counterclaim, BancInsure admits that beginning in September, 2009, EAR missed its monthly lease payments. As to the remaining allegations contained in Paragraph 23 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegations.

24.     BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegation contained in Paragraph 24 of the Counterclaim.

25.     BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegation contained in Paragraph 25 of the Counterclaim.

26. With respect to Paragraph 26 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to form a belief as to the truth of the allegation contained in Paragraph 26 of the Counterclaim.

27. With respect to Paragraph 27 of the Counterclaim, BancInsure admits that the Bank sent a Notice of Claim to BancInsure on July 21, 2010, and that the notice speaks for itself.

28. With respect to Paragraph 28 of the Counterclaim, BancInsure admits that the Bank obtained a report dated December 22, 2010 from "Total Security Concepts, Inc.," and that the report speaks for itself.

29. With respect to Paragraph 29 of the Counterclaim, BancInsure admits that it received a Proof of Loss from the Bank, which was dated July 11, 2011.  BancInsure further states that the Proof of Loss speaks for itself.

30. With respect to Paragraph 30 of the Counterclaim, BancInsure has insufficient knowledge and information upon which to determine what "Highland Bank subjectively believed."  In all other respects BancInsure denies the allegations in Paragraph 30.

31. With respect to Paragraph 31 of the Counterclaim, BancInsure admits that the Bank submitted to it an Affidavit of Donna Malone, which is dated January 18, 2011. BancInsure further states that this document speaks for itself.

32. BancInsure admits the allegations contained in Paragraph 32 of the Counterclaim.

33. BancInsure states that Paragraph 33 of the Counterclaim does not require a response.

34. BancInsure denies the allegations contained in Paragraph 34 of the Counterclaim.

35. BancInsure denies the allegations contained Paragraph 35 of the Counterclaim.

36. BancInsure denies the allegations contained in Paragraph 36 of the Counterclaim. BancInsure further states that the Bond language relied on by BancInsure in denying the claim speaks for itself, and BancInsure denies any allegations inconsistent therewith.

37. BancInsure denies the allegations contained Paragraph 37 of the Counterclaim.

38. BancInsure denies the allegations contained Paragraph 38 of the Counterclaim.

39. BancInsure states that Paragraph 39 of the Counterclaim does not require a response.

40. BancInsure denies the allegations contained Paragraph 40 of the Counterclaim.

41. BancInsure denies the allegations contained Paragraph 41 of the Counterclaim.

42. BancInsure denies the allegations contained Paragraph 42 of the Counterclaim.

43. BancInsure states that Paragraph 43 of the Counterclaim does not require a response.

44. With respect to Paragraph 44 of the Counterclaim, BancInsure alleges that its rights and duties under the Bond are fully set forth in the Bond, and that at all times BancInsure dealt fairly and in good faith with the Bank.

45. BancInsure denies the allegations contained Paragraph 45 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

46. BancInsure denies each and every allegation and thing contained in the Complaint, except as admitted, qualified, or excepted.

47. The Counterclaim fails to state a claim upon which relief can be granted.

48. The Bank failed to satisfy the condition precedent to reliance on the original, allegedly forged documents, because it did not have actual physical possession of the original documents prior to its extension of credit.

49. Even if the Bank had satisfied the condition precedent to reliance, its claim would still fail, because the Bank failed to prove that it in fact relied on such original documents prior to its extension of credit.

50. The Bank has failed, by its own actions and inactions, to use reasonable care to mitigate, minimize, or avoid the loss referred to in the Counterclaim.

51. The Bank's alleged loss was not one "resulting directly from" any alleged forgery on the Malone guaranty.

52. The Bank has failed to satisfy conditions precedent to coverage contained in the Bond.

53. All or portions of the Bank's claim are excluded by Bond exclusions, including but not limited to Exclusions (e), (s), (u), and (v).

54. The Bond expressly excludes any coverage for lost interest and any claims for attorney's fees.

55. Upon information and belief, BancInsure affirmatively alleges that the Bank's claims are not covered under the terms, conditions, definitions, and exclusions referred to in the Bond.

56. The Bank's claim is barred by the doctrines of waiver and estoppel.

**WHEREFORE**, Defendant BancInsure, Inc. requests judgment in its favor, dismissing Plaintiff's Counterclaim and awarding BancInsure its costs and disbursements incurred herein.

GREGERSON, ROSOW, JOHNSON & NILAN, LTD

Dated: November 17, 2011     By   /s/ Davis A. Kessler
                                  Mark J. Johnson, #132810
                                  Joseph A. Nilan, #0121277
                                  Davis A. Kessler, #0387856
                                  650 Third Avenue South, #1600
                                  Minneapolis, MN 55402-4337
                                  (612) 338-0755

Attorneys for Defendant BancInsure, Inc.